# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| Devan Smith, | : | |
| Plaintiff, | : | Case No. 3:18-cv-036 |
| vs. | : | U.S. District Judge Thomas M. Rose |
| Justin Massie, Officer, et al. | : | U.S. Magistrate Judge Sharon Ovington |
| Defendants. | : | |

## AGREED PROTECTIVE ORDER

To protect the confidentiality and security of medical and other personal information of the parties and in accordance with HIPAA, 45 C.F.R. § 164.512, 26 U.S.C. § 6013, and Rule 26(c) of the Federal Rules of Civil Procedure, the parties agree and the Court hereby orders the following:

1. This Agreed Protective Order ("Order") governs all documents and information produced at any time during the pendency of this action, including any documents produced prior to the entry of this Order, by any party or nonparty, or anyone who is subject to a subpoena for oral examination or a subpoena *duces tecum*; all information contained in any such documents; and all other information produced or provided in this lawsuit. This Order does not otherwise affect any objections to discovery made under the Federal Rules of Civil Procedure.

2. To comply with HIPAA and 45 C.F.R. § 164.512, this Order specifically covers all health information protected by HIPAA, including medical records, disclosed by both parties and nonparties. All such information shall be deemed confidential and may be used only for purposes of this litigation.

1

3. This Order also specifically protects against the unauthorized disclosure of the contents of taxpayer information protected by 26 U.S.C. § 6013.

4. Good cause exists to protect information that either side deems proprietary and confidential from public disclosure. In the absence of a suitable protective order safeguarding the confidentiality of such information, the parties would be hampered in their ability to produce such information.

5. In responding to discovery submitted by the other side, the parties may designate any documents, answers to interrogatories, deposition testimony, exhibits, or other information produced through discovery proceedings herein as "Confidential Information." Any "Confidential Information" so designated may only be used in connection with these proceedings and shall not be disclosed or utilized in any other respect, except as may be otherwise provided for in this Order.

6. The designation "Confidential Information" shall in the first instance be limited to: (a) medical information, tax returns, personnel records and disciplinary records; and (b) other information that the party producing it believes, in good faith, to contain sensitive information, financial information, or other information that otherwise should be subject to confidential treatment.

7. Nothing in this Order shall be construed as a finding that information designated as "Confidential Information" is actually "Confidential Information."

8. Any "Confidential Information" designation shall be without prejudice to the rights of any other party to apply to the Court for a determination of whether the designation is proper.

9. Either side may object, in writing, to the designation by the other side by providing a description of the document(s) (with Bates number range if so marked) to which it objects

and its grounds for objecting to the designation. Neither side shall not be obligated to challenge the propriety of a designation at the time made, and failure to do so shall not preclude any subsequent challenge. In the event that either side disagrees with any "Confidential Information" designation made by the other side, the Parties shall attempt to resolve the dispute in good faith on an informal basis. If the dispute is not resolved within twenty-one days of service of a written objection, the party challenging a confidentiality designation may file a motion with the Court after informal attempts at resolution have concluded, stating its objections and request for relief from the Court. The information, documents or materials shall continue to receive the protection of their designation until the Court rules on the motion. Any party also has the right to apply for a further protective order if it believes greater protection than that afforded hereby is necessary for certain information to be produced.

10. The designation of the information as "Confidential Information" for purposes of this Order shall be made as follows:

    (a) In the case of documents, answers to interrogatories, or other written materials (apart from depositions, other pretrial testimony, transcripts thereof and exhibits thereto), by stamping each page of such as "Confidential Information" or some similar designation.

    (b) In the case of depositions, other pretrial testimony, the transcripts thereof, and exhibits thereto, by a statement on the record by counsel for the party making the disclosure at the time of such disclosure.

    (c) In the case of documents produced by a non-party, by a written statement from counsel specifically designating the information to be Confidential Information.

11. Whenever any "Confidential Information" is disclosed or used at a deposition or other pretrial testimony in this action: (i) each portion of any such testimony in which the "Confidential Information" is disclosed or used shall be conducted with only those persons in attendance who are authorized under this Order to have access to such "Confidential

Information;" (ii) the transcript of the confidential portion and all confidential exhibits shall be bound separately after transcription, marked "Confidential Information" (or comparable language), and shall thereafter be deemed to be fully subject to the provisions of this Order; and (iii) the confidential transcript and confidential exhibits shall not be filed with this Court except in accordance with Paragraph 12 below.

12. Any party wishing to file anything designated as "Confidential Information" with the Court (including, without limitation, any such material which is revealed by, referred to, summarized in, or attached to any pleadings, affidavits, briefs or memoranda) shall first file a motion asking the Court to determine that there is good cause for filing the material under seal. See *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983); *Proctor & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996); and *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305-06 (6th Cir. 2016).

13. "Confidential Information" produced by a party may be disclosed by the parties hereto and their counsel only to the following persons:

   (a)   to the Court at any pretrial or post-trial stage of this action, either *in camera*, or in a sealed envelope, or under such other safeguards as the Court may require in order for "Confidential Information" to be used or introduced at any pretrial or post-trial hearing herein;

   (b)   to the counsel for the parties in this action actually working on this action (including attorneys who are officers or employees of a party and who are acting purely in a legal and not a business capacity with respect to this action and employees of a party with whom counsel may confer with respect to the action) and paralegals, legal assistants, and secretaries of such counsel actually working on this action;

   (c)   to court reporters recording proceedings in this action;

   (d)   to potential witnesses, but only if they agree to be bound by this Order;

   (e)   deponents; and

> (f) any expert(s) consulted or retained to assist in the preparation of the case, or to testify, who is designated in writing by any party, so long as they agree to be bound by this Order.

14. Unredacted exhibits containing "Confidential Information" may be offered into evidence provided the proponent of the evidence gives notice of the intention to offer such "Confidential Information" at the time the Court requires the parties to identify their trial exhibits, so that the Court may impose safeguards to preserve the confidentiality of the information contained in the exhibits.

15. This Order may be construed or modified by the Court, on application of any party or on its own initiative, to ensure that adjudication of all issues may be had in the light of all relevant material facts without publishing or otherwise destroying the value of any "Confidential Information," except to the extent such publication or destruction cannot be avoided by the Court in the performance of its duties. This Order is not intended to and shall not benefit or be invoked by persons or entities not a party this lawsuit, other than any person or entity whose (a) documents that are subject to a subpoena in this action, or (b) documents that are in the possession of a party who, in response to discovery requests, are obligated to produce the non-party's documents, may invoke the protection of the Court under this Order and, at its discretion, designate documents as confidential.

16. By agreeing to this Order, none of the Parties waive attorney-client privilege or any other protections provided by federal or state law. This Order shall not abrogate or diminish any contractual, statutory, or other legal obligations or right of any party or person with respect to any "Confidential Information."

17. The provisions of this Order shall continue to be binding upon all parties and their counsel in this action until the conclusion of this action. The Court retains jurisdiction over the

parties and their counsel for enforcement of the provisions of this Order following the conclusion of this action.

18. . This Order is subject to modification by the Court upon application of either party.

IT IS SO ORDERED.

September 7, 2018                                          *s/Sharon L. Ovington*
                                                           Sharon L. Ovington
                                                           United States Magistrate Judge


Agreed to :

/s/ Kurtis G. Black
Kurtis G. Black (0092231)
Attorney for Plaintiff

/s/ W. Charles Curley                        /s/ Jerome M. Strozdas
W. Charles Curley (0007447)                  Jerome M. Strozdas (0003263)
**WESTON HURD LLP**                          **CITY OF SPRINGFIELD LAW DIRECTOR**
10 W. Broad St., Suite 2400                  76 East High Street
Columbus, Ohio 43215                         Springfield, Ohio 45502
Phone: (614) 280-0200                        Phone: (937) 324-7352
Fax: (614) 280-0204                          Fax: (937) 328-3416
E-mail: wcurley@westonhurd.com               E-mail: jstrozdas@springfieldohio.gov

Attorneys for Defendants